## INCHES vs. VAN VALKENBURGH.

*Fourth District Court for San Francisco Co., Feb. T.*, 1858.

### UNDERTAKING ON ATTACHMENT—SURETY—HOUSEHOLDER.

A householder, within the meaning of the rule requiring the sureties to an undertaking upon which a writ of attachment has been issued, to justify as residents and householders, is one who has the entire or a temporary dominion of a house or residence, and not merely one who rents an apartment, although he may be a permanent resident.

On motion to show cause why a surety on an undertaking upon which a writ of attachment had been issued, should not be held incompetent on the ground that he was not a householder.

*Rabe* and *Willson*, for plaintiff.

*H. S. Love* for defendant.

HAGER, J.—I think that the facts established by the proof taken before the clerk upon the exception to the sufficiency of this surety, render him incompetent. The only question is as to whether a party in order to justify as a "householder" under the rule of this court, and within the meaning of § 122 of the *code*, must not possess some further qualification beyond that of merely renting apartments in which he may reside. I think that he must. It is required that he should be a resident *and* householder, which, it seems to me, clearly contemplates that he must have at least the entire or a temporary dominion over and control of a house or residence, though of course he need not necessarily be the owner of it.

The case of *Meyer* v. *Scannel*, (1 *Cal. Dist. Court* 6,) in which I am reported to have held differently, is not correctly reported ; I did not rule in that case as is represented by the report. Plaintiff must file another undertaking in compliance with the statute and the rule of this court, within —— days, or in default thereof the attachment must be discharged.